UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| YOURI BEITDASHTOO | ) | |
| | ) | Case No. 11-16702-BFK |
| | ) | Chapter 7 (Converted 13) |
| | ) | |
| _____ | ) | |
| | | |
| DONALD F. KING, TRUSTEE | ) | |
|     Plaintiff | ) | |
| | ) | Adversary Proceeding |
| v. | ) | Case No. 12-01406 |
| | ) | |
| MARC E. ALBERT, TRUSTEE, et al. | ) | |
|     Defendants | ) | |

## APPELLANT'S BRIEF

Robert L. Vaughn, Jr., Esq, VSB 20633
Counsel for Appellee, Alexandria Consulting Group, Inc.
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100
Email: rvaughn@oconnorandvaughn.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ ii

BASIS OF APPELLATE JURISDICTION ......................................... 1

STATEMENT OF ISSUES PRESENTED ......................................... 1

APPLICABLE STANDARD OF REVIEW ......................................... 2 - 4

STATEMENT OF FACTS ................................................................ 4 - 5

ARGUMENT.................................................................................... 5 – 10

    1. NRS submits that the Bankruptcy Court erred in finding that
NRS had the burden of proving the validity of its interest in the sums
being held by the Chapter 7 Trustee............................................. 5 - 7

    2. NRS submits that the Bankruptcy Court erred in not finding that the
Hemetaf, Inc. Trustee had the burden of proving the validity of its interest
in the $20,100 being held by the Chapter 7 Trustee............................ 7

    3. NRS submits that the Bankruptcy Court erred in not finding that
the Chapter 7 Trustee had the burden of proving the validity of its interest
in the $20,100 it was holding................................................... 7 - 8

    4. NRS submits that the Bankruptcy Court erred in holding that NRS had
failed to prove its interest in the $20,100 it was holding...................... 8 - 9

    5. NRS submits that the Bankruptcy Court erred in holding that the
Schedules and Statements of Financial Affairs filed by the Debtor and
his wife, Nahid Ahmadpour, in related cases, were not substantive evidence
in the hearing................................................................... 9 - 10

CONCLUSION .............................................................................. 10

CERTIFICATE OF SERVICE .......................................................... 10 - 11

i

## TABLE OF AUTHORITIES

**Cases:**

*Gilbane Bldg. Co.v. Fed. Reserve Bank,* 80 F.3d 895, 905 (4th Cir.1996)...............   2

*RCI Tech Corp. v. Sunterra Corp.,* 361 F3d 257, 263 (4th Cir. 2004)....................   2

**Federal Statutes:**

11 U.S.C. §363….….…………………………………………………….....   6 - 7
11 U.S.C. §363(p)(2)….……………………………………………….….   5
11 U.S.C. §544.…………………………………………………………….   5
11 U.S.C. § 547(b)…………………………………………………………...   5
11 U.S.C §548(a)(1)(B)…………………………………………………….   5
11 U.S.C. §541…………………………………………………………….   8
11 U.S.C. §544…………………………………………………………….   5
11 U.S.C. §1325(a)(3).……………………………………………………..   8
11 U.S.C. §1325(a)(7).……………………………………………………..   8


**Federal Rules of Bankruptcy Procedure:**
Rule 8013(a)(1)  ……………………………………………………….   2

**State Statutes:**

Va. Code §8.01-511 …………………………………………………………
Va. Code §55-80…. …………………………………………………………   5
Va. Code §55-81…. …………………………………………………………   5

## APPELLANT'S BRIEF

COMES NOW the Appellant, Nationwide Registry and Security Ltd. ("NRS"), a secured creditor of the Debtor herein, by and through its undersigned counsel, and submits the following Brief in support of its appeal of the Bankruptcy Court's ruling on its Counterclaim against the Chapter 7 Trustee ("Trustee") and, in support thereof, states as follows:

## BASIS OF APPELLATE JURISDICTION

This an appeal of the Order of the Bankruptcy Court entered on May 22, 2013 (Docket No. 21), which Order, by its terms, became final for purposes of appeal when this Court entered its Order in the main case on May 30, 2013, (Docket No. 156).   This Court has jurisdiction to hear this appeal pursuant to 11 U.S.C. §158.

## STATEMENT OF ISSUES PRESENTED

1.  NRS submits that the Bankruptcy Court erred in finding that NRS had the burden of proving the validity of its interest in the sums being held by the Chapter 7 Trustee.

2.  NRS submits that the Bankruptcy Court erred in not finding that the Hemetaf, Inc. Trustee had the burden of proving the validity of its interest in the $20,100 being held by the Chapter 7 Trustee.

3.  NRS submits that the Bankruptcy Court erred in not finding that the Chapter 7 Trustee had the burden of proving the validity of its interest in the $20,100 it was holding.

4.  NRS submits that the Bankruptcy Court erred in holding that NRS had failed to prove its interest in the $20,100 it was holding?

5.  NRS submits that the Bankruptcy Court erred in holding that the Schedules and Statements of Financial Affairs filed by the Debtor and his wife, Nahid Ahmadpour, in related cases, were not substantive evidence in the hearing

## APPLICABLE STANDARD OF REVIEW

A "clearly erroneous" standard of review applies to findings of fact, and a *de novo* standard of review applies to conclusions of law. Fed. R. Bkr. Pro. 8013; *RCI Tech Corp. v. Sunterra Corp.*, 361 F3d 257, 263 (4th Cir. 2004).

With regard to matters which are mixed questions of fact and law, this Court is to apply a clearly erroneous standard of review to the factual portion of an inquiry and the *de novo* standard of review to the legal conclusions derived from those facts. *Gilbane Bldg. Co.v. Fed. Reserve Bank*, 80 F.3d 895, 905 (4th Cir.1996).

## STATEMENT OF THE CASE

The Debtor, Youri Beitdashtoo, instituted the subject proceedings by filing a Chapter 13 petition on September 13, 2011.   This filing was among the six (6) separate bankruptcy filings made by the Debtor and/or his wife, Nahid Ahmadpour, both individually and on behalf of their wholly owned business, Hemetaf, Inc., in an effort to avoid NRS collecting on the judgment it obtained in the Fairfax Circuit Court in January 2008:

> (i)  Nahid Ahmadpour, VAEB Case No. 08-13766-BFK, Chapter 7
>
> (ii) Nahid Ahmadpour, VAEB Case No. 11-17929-BFK, Chapter 13
>
> (iii) Youri Beitdashtoo, VAEB Case No. 11-16702-BFK, Chapter 13, which case was converted to a Chapter 7 proceeding (the filing out of which this action grows)
>
> (iv) Hemetaf, Inc., Case No. 12-00232, Chapter 7 (D.C. Bankruptcy Court)
>
> (v) Nahid Ahmadpour, VAEB Case No. 12-15026-BFK
>
> (vi) Youri Beitdashtoo, Case No. 12-00722 (D. C. Bankruptcy Court);

Although the Debtor and his wife filed separate Chapter 13 proceedings, the instant case for the Debtor and Case No. 11-17929-BFK for the wife, the two cases were heard together in the Bankruptcy Court, including the hearing on the Debtor and his wife's proposed Chapter 13 Plans.

2

After an extended evidentiary hearing, the Bankruptcy Court denied confirmation, finding that the plans had been submitted in bad faith, and dismissed the wife's case. (Case No. 11-17929-BFK, Docket No. 46).   The Court gave the Debtor the option of either converting his case to a Chapter 7 or dismissing the same; the Debtor chose to convert to a Chapter 7.   (Docket No. 82).

While the Debtor was in Chapter 13, the sum of $20,100 was paid to the Chapter 13 Trustee.   Immediately after the dismissal of the wife's bankruptcy proceedings, NRS filed a garnishment in the Circuit Court of Fairfax County naming as the garnishee the Chapter 13 Trustee and seeking that he pay over the funds held by him and received in conjunction with the Chapter 13 proceedings to NRS.   By agreement, the funds were paid over to the Chapter 7 Trustee until such time as the matter was resolved or the Bankruptcy Court ordered otherwise.

NRS and the Chapter 7 Trustee reached an agreement on the disposition of those funds. However, before that disposition could be approved, the Chapter 7 Trustee for Hemetaf, Inc., a Chapter 7 proceeding instituted by the wife of her wholly owned business in the District of Columbia Bankruptcy Court (Case No. 12-00232) interjected himself into the mix and claimed an interest in the funds.   Thereafter, the Chapter 7 Trustee filed the instant Adversary Proceeding (Case No. 12-01406) requesting that the Bankruptcy Court determine that it was entitled to the funds, naming NRS and the Hemetaf Chapter.

The Hemetaf Chapter 7 Trustee filed an Answer and Counterclaim asserting that the funds were the property of the Hemetaf estate.   (Docket No. 8).   NRS filed its Answer to the Complaint and a Counterclaim asserting that the funds were the property of the wife, and thus subject to the garnishment issued for collection of the judgment in question.   (Docket No. 6)   The Chapter 7 Trustee filed an Answer to the Counterclaim. (Docket No. 7).   The Hemetaf Chapter 7 Trustee did not file a response to the NRS Counterclaim.

The matter came on for hearing in the Bankruptcy Court on April 19, 2103.   (Docket No.

3

17)  In the interim, the two Chapter 7 Trustees agreed to split the proceeds amongst themselves and thus did not pursue their claims, leaving the only issue before the Court as to the amount due to NRS.  The Bankruptcy Court ultimately ruled that NRS was not entitled to any of the funds.  An Order reflecting the Bankruptcy Court's ruling was entered on May 22, 2103.  (Docket No. 21). That Order, by its terms, did not become final until the Bankruptcy Court entered an order regarding the agreement between the two Chapter 7 Trustees over the division of the funds.  That Order was entered on May 30, 2013.  (Case No. 11-16702-BFK, Docket No. 156).

NRS timely noted its appeal of that decision.  (Docket No. 23)

### STATEMENT OF FACTS

The Chapter 7 Trustee filed an Answer to the Counterclaim of NRS.  That response did not deny the substance of any of the allegations made in the Counterclaim, stating that the documents recited speak for themselves and only denied any allegation inconsistent with those documents.  The Hemetaf Chapter 7 Trustee did not file a response to the Counterclaim. Accordingly, all of the allegations therein are deemed admitted as to him.

NRS is a secured creditor of the Debtor, and his wife, Nahid Ahmadpour, by virtue of a Deed of Trust in favor of NRS and against the real property owned by them as tenants by the entirety and located at 4054 - 41st Street, North, McLean, Virginia 22101 (the "Property").  The Deed of Trust arising out of a judgment obtained by NRS on January 17, 2008, in the Circuit Court of Fairfax County in the principal sum of $80,000 plus interest, and attorney's fees of $16,000. That judgment was based upon a series of ten (10) drafts written by Ahmadpour on her Chevy Chase Bank account between October 8 and October 10, 2005, totaling $80,000, all of which drafts were dishonored by Chevy Chase Bank for insufficient funds.  As a consequence of her actions, the Debtor also was criminally charged with drawing and passing checks without sufficient funds with the intent to defraud.  On or about November 9, 2006, Debtor entered a guilty plea to the

4

aforesaid charges.   NRS has been attempting to recover on the judgment since that date and time.
(Chapter 7 Trustee Ex. 2; Exhibits submitted at hearing on NRS's Motion to Life the Stay on
January 9, 2013, Docket No. 59)

     As set forth on Schedule B filed in all of her bankruptcy proceedings, including the instant
proceedings, Ahmadpour identified herself as the sole owner of HEMETAF, Inc., which operates a
business under the name of Youri Salon a/k/a Youri Hair Salon a/k/a Youri Hair Skin Nail Salon,
in the District of Columbia. (Case No. 11-17929-BFK, Docket No. 19; Hemetaf Ex. F).   Debtor
did not claim an ownership interest in Hemetaf. (Docket No. 20; Chapter 7 Trustee Ex. 1).

     Schedules I and J in both the Debtor's and his wife's cases were identical.   Both related
that the wife was the owner of the salon, and that the Debtor worked for her.   Both also related
that the Debtor received a monthly income from the salon of $1,400, and that the wife received a
total income related to the business of $12,160.   Schedule J listed monthly expenses of $10,209,
inclusive of a house payment of $5,114, and a car payment of $490, the latter being for a leased
BMW automobile (Docket No. 20; Case No. 11-17929-BFK, Docket No. 19; Chapter 7 Trustee
Ex. 1; Hemetaf Ex. F).

     Hemetaf's bankruptcy schedules listed one checking account with a balance of $2,466.69.
(D. C. Case No. 12-00232 FK, Docket No. 19; Hemetaf Ex. H).

     All of the funds paid to the Chapter 13 Trustee were drawn on Hemetaf, Inc.'s checking
account with Capital Bank.   (Hemetaf Exs. B through F).

### ARGUMENT

     1.   <u>NRS submits that the Bankruptcy Court erred in finding that NRS had the burden of
proving the validity of its interest in the sums being held by the Chapter 7 Trustee.</u>

     In ruling that NRS had the burden of proving the validity of its interest in the subject funds,
the Bankruptcy Court relied upon 11 U.S.C. §363(p)(2).   That code provision deals with the

request by the Trustee to use, sale or lease property of the estate.   The threshold question is whether, in fact, the funds in question were property of the Debtor's estate; clearly, they were not.

The very schedules filed by the Debtor and his wife show that the funds used by the Debtor to pay the Chapter 13 Trustee came from the bank account of Hemetaf, Inc. ("Hemetaf").   This is confirmed by the Hemetaf Chapter 7 Trustee's Exhibits B through F.   Those same schedules demonstrate, beyond a doubt, that the wife, Nahid Ahmadpour, was the sole owner of Hemetaf, and that she generated an income of $12,160 per month from that business.   It was that income that generated the $3,350 per month used to pay the Chapter 13 Trustee.   Not only did neither Chapter 7 Trustee dispute the validity of those schedules, both Trustees submitted the same as exhibits in the proceedings.

When the wife's bankruptcy case was dismissed by the Order of March 19, 2103, those funds belonged to the wife, not the Chapter 13 Trustee. When NRS garnished the Chapter 13 Trustee, those funds were subject to the garnishment and were to be paid over to NRS.  Va. Code §§8.10-511, 516.1.

Moreover, the matter before the Bankruptcy Court was not a proceedings under 11 U.S.C. §363.  As set forth on the first line of the Complaint filed by the Chapter 7 Trustee, it was a proceeding under 11 U.S.C. §541 to determine the bankruptcy estate's interest in the funds.   In his Counterclaim, the Hemetaf Chapter 7 Trustee raised a multitude of claims, Count 1 for avoidance pursuant to 11 U.S.C. §547(b), Count II for avoidance under 11 U.S.C. §548(a)(1)(B), Count III for fraudulent conveyance under 11 U.S.C. §544 and Va. Code §50-80, and Count IV for fraudulent conveyance under 11 U.S.C. §544 and Va. Code §50-81.   None of the Hemetaf Chapter 7 Trustee's claims were for the use, sale or lease of property of the estate under 11 U.S.C.

6

§363.  Moreover, because of the deal made between the two Trustees to split the funds, they did not put on any evidence in support of these myriad contentions.

This is a legal issue which this Court is to review *de novo*.  Given that the Bankruptcy Court was incorrect in its interpretation of the law on this point, its decision must be reversed, or at a minimum, remanded to the Bankruptcy Court for further consideration of the appropriate standard.  Regardless, as will be detailed with respect to (4) below, it is submitted that the evidence clearly demonstrated that the funds in question belonged to the wife, and thus were subject to garnishment once her bankruptcy proceedings were dismissed.

2.  NRS submits that the Bankruptcy Court erred in not finding that the Hemetaf, Inc. Trustee had the burden of proving the validity of its interest in the $20,100 being held by the Chapter 7 Trustee.

It seems axiomatic that if the Bankruptcy Court found that NRS had the burden to prove its interest in the funds, the Hemetaf Chapter 7 Trustee would be required to do the same.  It cannot accomplish through the back door what it could not do through the front door.  That is, make a backroom deal with the Chapter 7 Trustee to split the funds and effectively freeze NRS out of the mix.

3.  NRS submits that the Bankruptcy Court erred in not finding that the Chapter 7 Trustee had the burden of proving the validity of its interest in the $20,100 it was holding.

As noted with respect to item (1) above, the funds paid to the Chapter 13 Trustee came from Hemetaf, an entity controlled solely by the Debtor's wife.  The Schedules, specifically I and J, make it equally clear that the $3,350 that was paid to the Chapter 13 Trustee were the wife's earnings from Hemetaf.  The Chapter 7 Trustee put on no evidence to establish otherwise, or to

7

show that the funds fit within any of the categories identified in 11 U.S.C. §541. If the Trustee claimed the funds of the estate, he had the burden to prove the same. This, he not only failed to do, he made no effort to do.

4. NRS submits that the Bankruptcy Court erred in holding that NRS had failed to prove its interest in the $20,100 it was holding.

Schedule I filed by the Debtor on October 3, 2011 states that he is an employee of Youri Salon (which is Hemetaf), and that his monthly income is $1,400 per month. That same Schedule I states that his wife, Nahid Ahmadpour, is the owner of Hemetaf, and that her income total $12,160, also form Hemetaf. Schedule J states that the monthly expenses of the Debtor and his wife were $10,209, of which $5,114 was a mortgage payment, and $499 was an automobile payment. Schedule J also stated that the amount remaining, after the payment of all of their debts, was $3,351—literally $1 more than was required by their proposed Chapter 13 Plan. (Docket No. 73; Case No. 11-17919, Docket No. 18)

On November 27, 2011 Debtor's wife filed the identical Schedules I and J in her Chapter 13 proceeding, Case No. 11-17929. The Schedules filed by both the Debtor and his wife demonstrated that there was no other source of funds with which to make payments to the Chapter 13 Trustee.

The Bankruptcy Court conducted a hearing related to the confirmation of both the Debtor and his wife's Chapter 13 Plans on January 9, 2013. The Court concluded that the Plans had been submitted in bad faith in violation of 11 U.S.C. §1325(a)(3) and (a)(7), and dismissed the wife's case. An Order reflecting the Court's ruling was entered on March 19, 2012. The Bankruptcy Court gave the Debtor the option of either having his case dismissed or converted to a Chapter 7

proceeding. Debtor chose the latter.

On April 14, 2012 Debtor filed his Statement of Current Monthly Income in his converted Chapter 7 case. In that filing, the Debtor stated that his monthly income was now $700, half of what it was when he filed his Chapter 13 Petition in October 2011. (Docket No. 93)

Neither Trustee contested any of the information contained in the Schedules filed by Debtor and his wife. Neither Trustee introduced any evidence contradicting the same, nor did either Trustee argue that the Schedules were not accurate. The only possible source of the funds was the wife's business. Such is conclusively established by the checks used in payment of the foregoing sum; each and every one of those checks was drawn on the account of HEMETAF, Inc. at Capital Bank, Account ending in 3340. The wife was not required to write a check to herself and then to the Chapter 13 Trustee. She was entitled to authorize the issuance of checks directly to the Chapter 13 Trustee.

Once the wife's bankruptcy case was dismissed, there was no longer a stay against NRS seeking to recover on its judgment out of funds belonging to the wife. That is exactly what NRS did in the issuance of the garnishment. Accordingly, not only did NRS prove by a preponderance of the evidence that the funds should be turned over to it, it submits that it proved them same by a clear and convincing standard.

5. NRS submits that the Bankruptcy Court erred in holding that the Schedules and Statements of Financial Affairs filed by the Debtor and his wife, Nahid Ahmadpour, in related cases, were not substantive evidence in the hearing.

Initially, NRS would not that both the Chapter 7 Trustee and the Hemetaf Chapter 7 Trustee included the Debtor's Schedules and Statement of Financial Affairs in their Exhibits.

9

Under paragraph 6 of the Bankruptcy Court's Initial Scheduling Order, if exhibits are not timely objected to, such objections are waived and the exhibits stand as admitted into evidence. (Adv. Docket No. 4) NRS did not object to either Trustee's exhibits. Therefore, those Schedules and the Statement of Financial Affairs were admitted into evidence, and became substantive evidence. Accordingly, NRS is at a bit of a loss to understand the Bankruptcy Court's ruling.

## CONCLUSION

For the foregoing reasons, Nationwide Registry and Security Ltd., prays that this Court reverse the Order of the Bankruptcy Court of May 22, 2013, and find that it is entitled to the receipt of the $20,100 that was paid to the Chapter 13 Trustee.

Respectfully submitted,

Nationwide Registry and Security
Ltd *By Counsel*

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile

By _____/s/ Robert L. Vaughn, Jr._
       Robert L. Vaughn, Jr., VSB # 20633
       *Counsel for NRS*

### Certificate of Service

I hereby certify that on August 23, 2013, I sent via email and U.S. mail a true copy of this Brief to each party required to receive notice:

James W. Reynolds, Esq.
ODIN FELDMAN & PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Email: Jim.Reynolds@ofplaw.com

10

Katherine M. Sutcliffe Becker
STINSON MORRISON HECKER LLP
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Email: kbecker@stinson.com

/s/ Robert L. Vaughn, Jr
Robert L. Vaughn, Jr.