Case 1:13-cv-00941-LO-IDD   Document 12   Filed 02/26/14   Page 1 of 5 PageID# 151



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YOURI BEITDASHTOO,<br><br>　　　　　　　　　　　Debtor.<br><br>NATIONWIDE REGISTRY & SECURITY, LTD.,<br><br>　　　　　　　　　　　Appellant,<br><br>　　-v-<br><br>DONALD F. KING, CHAPTER 7 TRUSTEE FOR YOURI BEITDASHTOO, and MARC E. ALBERT, CHAPTER 7 TRUSTEE FOR HEMETAF,<br><br>　　　　　　　　　　　Appellees. | Civil Action No. 1:13-CV-00941<br>Bankr. Case No. 11-16702-BFK<br>Chapter 7 |

### ORDER

Before the Court is a bankruptcy appeal brought by Appellant Nationwide Registry & Security Ltd. arising from the May 22, 2013 and May 30, 2013 rulings of the United States Bankruptcy Court for the Eastern District of Virginia (Dkt. Nos. 1-3, 1-5). Appellant submitted a single brief (Dkt. No. 4) to which both Appellees responded (Dkt. Nos. 5, 6). The Court has reviewed the record from the bankruptcy court and all parties' submissions, and heard oral argument on January 17, 2014. For the reasons stated in open court and those set forth below, the judgment of the bankruptcy court is **AFFIRMED** and judgment is entered in favor of the Appellees with respect to each of the issues raised on appeal.

## I. Background

The Debtor, Youri Beitdashtoo, filed a Chapter 13 bankruptcy case on September 13, 2011 with his wife, Nahid Ahmadpour. His wife's bankruptcy was subsequently dismissed, and Mr. Beitdashtoo's Chapter 13 was converted to a Chapter 7 on March 27, 2012, with Donald F. King as the Chapter 7 Trustee. On March 29, 2012, HEMETAF, Inc., a business wholly-owned by Ahmadpour (and for which the Debtor was at some point employed), filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Columbia. Marc E. Albert is the Chapter 7 Trustee for HEMETAF. The Appellant, Nationwide Registry & Security Ltd. ("NRS"), is a creditor of Ms. Ahmadpour's (but not of HEMETAF's) by virtue of a 2008 judgment it obtained against her in the amount of $80,000.00 plus interest and attorney's fees.

During the course of the Debtor's Chapter 13 proceeding, the Chapter 13 Trustee received payments totaling $20,100.00 ("the Funds") pursuant to Mr. Beitdashtoo's proposed plan. Ms. Ahmadpour's own bankruptcy having been dismissed, NRS filed a garnishment in the Debtor's case in an effort to take possession of the Funds. The parties agree, and counsel for NRS confirmed in open court, that there is "no question" that the source of the Funds was HEMETAF's account, and that the Funds were derived from HEMETAF's business operations. In its answer and counterclaim before the Bankruptcy Court, the HEMETAF Trustee raised a number of issues about the legitimacy of the payment from HEMETAF to the Debtor, but it was never argued that any funds were transferred to the Debtor from Ms. Ahmadpour personally.

Mr. King, the Debtor's Trustee, initiated this adversary proceeding in September 2012 to determine the proper ownership of the Funds. The HEMETAF Trustee and NRS each submitted answers and counterclaims, setting out their arguments for ownership of the Funds. A trial was scheduled on the Complaint and Counterclaims for April 19, 2013. At trial, Mr. King and Mr.

Albert informed the Bankruptcy Court that the Debtor and HEMETAF had resolved their competing claims to the Funds. NRS was not a party to that resolution. The Bankruptcy Court heard argument from NRS on its counterclaim, and ultimately held that NRS failed to meet its burden under 11 U.S.C. § 363(p)(2) of showing that it had a valid interest in the Funds. Accordingly, the Bankruptcy Court denied and dismissed NRS's counterclaim and approved the Settlement between the Beitdashtoo Trustee and the HEMETAF Trustee on May 30, 2013. NRS timely appealed the Bankruptcy Court's orders on June 13, 2013. After withdrawing its appeal of the Settlement Order, the only appeal remaining in this case is NRS's appeal of the Bankruptcy Court's May 22, 2013 denial of NRS's counterclaim.

NRS raises several issues on appeal, each directed toward the Bankruptcy Court's denial of its counterclaim and subsequent approval of a settlement of claims between Appellees Donald King and Marc Albert. First, NRS argues that the Bankruptcy Court erred in finding that NRS had the burden of proving the validity of its interest in the Funds (and conversely, finding that the HEMETAF and Beitdashtoo Trustees did *not* have that burden). Second, NRS argues that it *did* successfully prove its interest in the Funds before the Bankruptcy Court.

## II. Analysis

This Court has jurisdiction to hear this appeal pursuant to 11 U.S.C. § 158. On appeal, the District Court must review the factual findings of the Bankruptcy Court for clear error, Fed. R. Bankr. P. 8013, while the Bankruptcy Court's legal conclusions are reviewed under a *de novo* standard. *RCI Tech. Corp. v. Sunterra Corp.*, 361 F.3d 257, 263 (4th Cir. 2004). Mixed questions of law and fact are also reviewed *de novo*. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

This Court finds that the Bankruptcy Court properly relied on 11 U.S.C. § 363(p)(2) in requiring NRS to demonstrate its interest in the Funds. Although the initial Complaint was brought under 11 U.S.C. § 541 to determine the bankruptcy estate's interest in the Funds, the Bankruptcy Court fairly relied on Section 363 with respect to NRS's counterclaim. NRS's counterclaim contended that 1) the Funds were subject to NRS's garnishment against Ms. Ahmadpour, and 2) that the Funds should therefore be turned over to NRS. Section 363(p)(2) states that an "entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest." Because the Funds in question were being held by the Beitdashtoo Chapter 7 Trustee, and the Chapter 7 Trustee reached a settlement agreement with the only other claimant in this case, the burden of proof was squarely on the Appellant to demonstrate its superior claim to the funds.

At trial, NRS did not introduce any exhibits into evidence in support of its counterclaim, stating that it was relying on "an acknowledged garnishment that existed before HEMETAF made a claim." Doc. 2, Bankr. Hearing of 4/19/2013, at 11. It is not disputed that the Funds in question were transferred from HEMETAF's account to the Beitdashtoo Trustee. NRS is not a creditor of HEMETAF or of Mr. Beitdashtoo, but rather of Ms. Ahmadpour personally. Although Ms. Ahmadpour was the sole owner of HEMETAF, the HEMETAF Trustee correctly noted that NRS has not presented evidence from which the Court can disregard the general rule that Ms. Ahmadpour and her wholly-owned company are legally distinct entities. Nor did NRS present any evidence at trial from which the Bankruptcy Court could have found that the funds in the Chapter 7 Trustee's possession were in fact Ms. Ahmadpour's personal funds. In response to Judge Kenney's inquiry on that issue, counsel for NRS referred to Exhibits B, C, D, and E introduced by Mr. Albert, which were checks drawn from HEMETAF's account. *Id.* at 19. But as

Judge Kenney correctly concluded, the fact that, as NRS argued, "Ms. Ahmadpour has the absolute right as the owner of HEMETAF . . . to have those funds used for any purpose [s]he chooses" does not give Ms. Ahmadpour's creditors access to HEMETAF's funds. *Id.* at 20.

Because NRS did not carry its burden of demonstrating that it had an interest in the funds, the Bankruptcy Court did not err when it denied NRS's counterclaim and approved the settlement between the Chapter 7 Trustee and the HEMETAF Trustee.

### III. Conclusion

After reviewing the pleadings and the record in this case and considering the arguments made before this court, the Bankruptcy Court's ruling is affirmed. For the reasons stated above, it is hereby **ORDERED**:

1. That the Stipulation and Order of the Bankruptcy Court denying NRS's counterclaim and approving the settlement of claims between the Appellees in this case is **AFFIRMED**. The Clerk is directed to enter judgment in favor of the Appellees.

February 26, 2014
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge